MR. JUSTICE MORRISON,
specially concurring:
I concur in the majority opinion although, in my judgment, the legislature intended to change the “best interest” test by enactment of Section 39-71-741, MCA. Nevertheless, I concur in the majority holding that the retroactive features of this legislation are unconstitutional. The statutes covering workers’ compensation are a part of the employment contract. The statutes in effect at the time of injury control. Any attempt to change these rights after they vest constitutes an abridgment of contract obligations and is unconstitutional as the majority finds.
The prospective application of Section 39-71-741, MCA, is affected by the Court’s holding that the statute, reduced to its essence, involves no more than the “best interest” test. The Workers’ Compensation Court has been proceeding under the assumption that the statute changed the former test and the legislative history indicates that was the intent of the legislature. As noted in the majority opinion the purpose advanced in support of the statute was to “head off threatened premium increases, hold down employers’ costs of doing business, and promote the Montana economy.” To me this indicates *329 that the legislature intended to change eligibility requirements for a lump sum settlement.
The effect of the majority holding will finally realize what the legislature stated its goal to be but totally failed to accomplish. The result of the legislature enacting the subject statute has been to increase the cost of delivering benefits to the worker and has contributed to the financial crisis facing the state insurance fund. Prior to enactment of 39-71-741, MCA, and the bureaucratic regulations promulgated by the division, the worker simply had to show that it was in the best interest of the injured worker to receive a lump sum payment rather than a structured settlement. The worker’s petition, prepared without assistance of a lawyer, could easily satisfy this burden. The new statute is so complicated that an injured worker has to hire a “Philadelphia lawyer” in every case in which the worker desires to achieve a lump sum payment. Furthermore, the retained counsel must employ a battery of costly expert witnesses to satisfy the requirements of the statute. The result has been increased litigation, greatly increased litigation expenses, and delay in payment of benefits. This increasingly expensive system combined with low premiums charged by the State Fund has produced a very serious financial crisis for the State of Montana.
From a monetary standpoint, it should make no difference to the State Compensation Insurance Fund whether payments are made in a lump sum or paid in a structured settlement. Lump sums are reduced to present value at an interest factor that renders the means of payment financially irrelevant to the fund itself.
The workers’ compensation system must be returned to a simple compensation system where injured workers can be compensated without litigation expenses. Litigation can never be eliminated entirely and where legitimate disputes need legal counsel they should go forward and be presented to the Workers’ Compensation Court. However, the “garden variety” workers’ compensation case should not be subjected to the complicated and tortured scheme set forth in Section 39-71-741, MCA.
In my opinion this statute should be repealed and a simple “best interest” test reestablished so that injured workers can be compensated without the necessity of costly litigation. Perhaps the holding of the majority neuters the statute and repeal is unnecessary. If that is the result of the majority opinion a giant step forward has been taken to preserve the future fiscal integrity of the State Compensation Insurance Fund.